IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**

v.

**ADIAN MARSELL BARTH,**

    Petitioner.

Criminal No.   2:19CR164
Civil Action No: _____

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on January 13, 2023, the Court denied a Motion to Vacate under 28 U.S.C. § 2255 filed by Adian Marsell Barth. (ECF Nos. 313, 314.) On March 28, 2025, the Court received from Barth a Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b). ("Rule 60(b) Motion," ECF No. 358.) Despite Barth's labeling, the Rule 60(b) Motion must be dismissed as a successive and unauthorized motion pursuant to 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application

or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).

Additionally, the Fourth Circuit has provided the following guidance in distinguishing a proper Rule 60(b) motion from an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted).

Although Barth contends that he may proceed pursuant to Rule 60(b) because "the integrity of the habeas proceedings has been compromised," (ECF No. 358, at 1 (citation omitted)), it is evident that he is once again attacking his underlying conviction and sentence. Barth claims that "[t]he district court's reliance on incorrect drug quantities during the habeas proceedings constitutes fundamental mistake that prejudiced Barth's case. Specifically, the court erroneously attributed 51 kilograms of cocaine to Barth, despite the fact that 40 kilograms were falsely included in this calculation." (*Id.*) In his explanation, Barth reiterates his arguments from his initial § 2255 motion about why the drug weight attributable to him was incorrectly calculated in his Presentence Report. (*Id.*) While Barth attempts to disguise this as an error of the habeas court, he is truly attacking the drug weight used to calculate his sentence. Barth then claims that the prosecutor used false evidence in violation of due process and argues that his attorney coerced him into dropping some unidentified argument Barth wished to pursue during his criminal proceedings. (*Id.*

at 2.) In sum, Barth's motion clearly continues to attack his criminal proceedings and his resulting sentence rather than any defects in his habeas proceedings. Accordingly, the Court must treat Barth's Rule 60(b) Motion as a successive § 2255 motion.

The Court has not received authorization from the United States Court of Appeals to hear Barth's successive § 2255 motion. Accordingly, the Clerk will be DIRECTED to assign a civil action number to the Rule 60(b) Motion. The action will be DISMISSED without prejudice for want of jurisdiction. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 29 April 2025
Richmond, Virginia